ggc
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAURENCE OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-1158-JAR |
| | ) |
| SCHMIDT TRANSPORTATION, INC., | ) |
| a foreign corporation, | ) |
| RONALD W. BILLINGTON, | ) |
| an individual, and | ) |
| CONTINENTAL WESTERN | ) |
| INSURANCE, | ) |
| a foreign corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Determine Place of Trial as Kansas City, Kansas (Doc. 7) filed by defendants Schmidt Transportation, Inc. and Ronald W. Billington. Plaintiff's Complaint designates Wichita, Kansas, as the place for trial in this matter. The defendants filed the motion seeking to have Kansas City, Kansas designated as the place of trial pursuant to D. Kan. Rule 40.2.

**I. Background**

Plaintiff filed this diversity action alleging personal injuries due to a motor vehicle accident involving a motor carrier, combined with a claim for uninsured motorist coverage. The accident giving rise to the lawsuit occurred on U.S. 71 in Cass County near Belton, Missouri. Defendants Schmidt and Billington filed their Joint and Separate Answer alleging that Kansas City, Kansas is the proper place for trial, because the subject accident occurred in the Kansas

City metropolitan area.[1]  Pursuant to its Answer, defendant Continental Western Insurance Company agrees with plaintiff that Wichita, Kansas is the proper place for trial.[2]

## II.  Legal Standard

A plaintiff's request governs the place of trial unless the court orders otherwise. [3]  The court, upon motion or in its own discretion, may determine the place of trial and is not bound by the parties' requests.[4]  Because Kansas constitutes one judicial district and division, 28 U.S.C. § 1404(a) which governs change of venue, is technically inapplicable to a request for intra-district transfer.  However, when considering a motion for intra-district transfer, courts look to the same factors relevant for change of venue under 28 U.S.C. § 1404.[5]  In a § 1404(a) analysis, a district court should consider the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, difficulties that may arise from congested dockets, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[6]  The burden of proving that the existing forum is inconvenient lies with the moving party.[7]

---

[1] Doc. 6.

[2] Doc. 12 at ¶ 7.

[3] D. Kan. R. 40.2(a).

[4] D. Kan. R. 40.2(e).

[5] *See, e.g., Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009).

[6] *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991) (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

[7] *Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir. 1992) (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

**III.  Analysis**

**A.  Plaintiff's Choice of Forum**

Plaintiff's Complaint designates Wichita, Kansas, as the place for trial in this matter. Plaintiff resides in Saline County, Kansas.  Although a plaintiff's forum choice "should rarely be disturbed,"[8] the plaintiff's choice of forum receives little deference when plaintiff does not reside there.[9]  However, the Court notes that plaintiff's distance to trial would almost double if the motion for transfer is granted.  The distance from Salina, Kansas to Wichita, Kansas is approximately 90 miles, while the distance from Salina to Kansas City, Kansas is approximately 173 miles.

**B.  Convenience and Accessibility of Witnesses and Other Sources of Proof**

The convenience of witnesses is an important factor for the court to consider in determining the best place for trial.[10]  Defendants Schmidt and Billington argue that because the accident occurred near the city of Belton, Missouri, and the Belton Police Department and its officers responded to the accident, potential witnesses are located in the Kansas City metropolitan area and therefore Kansas City, Kansas is the most appropriate place for trial.

Plaintiff asserts that the majority of his medical treatment, including his surgery, has been in Wichita, Kansas, and sets forth numerous medical providers located in Wichita: Via Christi Emergency Services; Kansas Joint and Spine; Dr. Moskowitz; Dr. Paul Stein; Wichita Surgical Specialists; Via Christi Regional Medical Center and all of its personnel; Kansas Pain

---

[8] *Id.* (citations omitted).

[9] *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *2 (D. Kan. June 26, 2007); *see also Menefee*, 2009 WL 1313236, at *1.

[10] *Cook v. Atchison, Topeka & Santa Fe Ry.*, 816 F. Supp. 667, 669 (D. Kan. 1993) (citation omitted).

Specialists; and Dr. Sollo.  Plaintiff asserts that the cost of calling witnesses from the medical providers will be increased substantially if the plaintiff is forced to move the trial to Kansas City.  Plaintiff anticipates that the expenses of Dr. Moskowitz and Dr. Sollowill be substantially higher if they have to testify in Kansas City.

## C.  Possibility of Obtaining a Fair Trial

None of the parties has alleged that they would not receive a fair trial in Wichita or Kansas City.  The Court finds that this factor does not weigh in favor of either location.

## D.  Other Considerations

Plaintiff's counsel is located in Wichita, Kansas.  Defendant Schmidt Transportation, Inc., is a Nebraska corporation with its principal place of business in Nebraska.  Counsel for defendants Schmidt and Billington are located in Overland Park, Kansas.  Defendant Continental's attorney is located in Lawrence, KS.

The Court finds that the trial should remain in Wichita, Kansas.  Plaintiff chose the Wichita forum, and defendant Continental agrees with such designation.  Defendants Schmidt and Billington are from Nebraska, so they will be required to travel to either location.  The majority of health care witnesses are from Wichita and if the case is tried in Kansas City, plaintiff will be forced to pay additional costs associated with transportation of medical witnesses and/or costs for video depositions and court reporters.  Although defendants Schmidt and Billington allege that potential witnesses in Belton, Missouri will be inconvenienced by traveling to Wichita, "[m]erely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue."[11]

---

[11] *Scheidt,* 956 F.2d at 966 (citation omitted).

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Determine Place of Trial as Kansas City, Kansas (Doc. 7) is DENIED.  Trial in this matter shall take place in Wichita, Kansas.  Trial is set for January 28, 2013 at 9:00 am.

**IT IS SO ORDERED.**

Dated: September 19, 2011

                                              S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE